**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

EVOX PRODUCTIONS, LLC,

    Plaintiff,

    v.

MITCHELL REPAIR INFORMATION
COMPANY, LLC,

    Defendant.

Case No. 2:24-cv-470

## OPINION & ORDER

Defendant Mitchell Repair Information Company, LLC filed a motion to join non-party DataOne, LLC to this action. ECF Nos. 51 (motion), 52 (memorandum). Mitchell requests that the Court join DataOne as a necessary party under Fed. R. Civ. P. 19(a) or alternatively as a permissive party under Fed. R. Civ. P. 20(a). The plaintiff, Evox Productions, LLC, did not respond; however DataOne opposes the motion. ECF No. 62. For the reasons stated below, the Court concludes that DataOne is not a necessary party under Rule 19, and declines to join it permissively under Rule 20. Therefore, the motion will be **DENIED**.

## I.    BACKGROUND

### A.    Factual Background

At this stage, the Court assumes that all facts alleged in the complaint are true. Evox entered into a licensing agreement with DataOne in November 2015. ECF No. 1 ¶ 12. Pursuant to the licensing agreement, DataOne obtained certain rights in

images Evox owned and was permitted to sublicense those rights to its customers. *Id.* DataOne entered into a sublicensing agreement with Mitchell, granting Mitchell the limited right to copy the images as part of blog postings that it created specifically for vehicles that Mitchell's customers have repaired or serviced. *Id.* ¶¶ 13–14. Mitchell was only permitted—under its sublicense with DataOne—to display the licensed media in connection with certain blog posts, but nonetheless went beyond the scope of its limited license by including the copyrighted images outside of the authorized blog posts. *Id.* ¶¶ 14–22.

Based on these allegations, Evox brought this lawsuit against Mitchell asserting (1) direct copyright infringement for Mitchell's use and distribution of images that Evox is the sole author and owner of; (2) vicarious copyright infringement for Mitchell's customers' reproduction, public display, and distribution of the images; and (3) contributory copyright infringement due to Mitchell's actions in distributing and making infringed photos available to its customers, when it knew or should have known the customers would then display the infringed photos publicly. ECF No. 1 ¶¶ 38–76.

### B.    Procedural Background

Evox originally sued Mitchell in the United States District Court for the Southern District of California in July 2023 for three counts of copyright infringement. ECF No. 1. In August 2023, while the case was still pending in California, Mitchell filed a request for a declaratory judgment before this Court against both Evox and DataOne. *Mitchell Repair Info. Co., LLC v. Evox Prods., LLC,*

2

No. 2:23-cv-430. This Court dismissed Mitchell's declaratory judgment complaint on April 24, 2024, finding that the California case should be given priority under the first-to-file rule. Case No. 2:23-cv-430, ECF No. 58. The Fourth Circuit affirmed that decision via an unpublished *per curiam* opinion. ECF Nos. 66 (opinion), 67 (judgment order). On July 25, 2024, the Southern District of California transferred its case to this district, finding that Norfolk, Virginia was the proper forum. ECF No. 26.

Since being transferred to this Court—and after the Fourth Circuit's affirmation of this Court's declaratory judgment order—Mitchell filed an answer and a counterclaim against both Evox and DataOne, who is not presently a party to this lawsuit. ECF No. 50. The counterclaim requests a declaratory judgment against both Evox and DataOne, and also asserts three claims for breach of contract, breach of implied warranty, and indemnification against DataOne. *Id.* At the same time, Mitchell filed this motion requesting that DataOne be joined to the lawsuit as a necessary party. ECF No. 51. Evox filed an answer in response to Mitchell's counterclaim, ECF No. 61, but did not respond to the motion for joinder. DataOne, who is not presently a party, filed a limited response opposing joinder as a necessary party. ECF No. 62.

## II.   LEGAL STANDARDS

### A.   Rule 19

Fed. R. Civ. P. 19(a) governs joining required parties to an action. "The inquiry contemplated by Rule 19 is a practical one," that is properly "addressed to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980) (citations omitted). Courts must perform a two-step inquiry. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (citation omitted). First, the court must determine "whether the nonjoined party is necessary under Rule 19(a)" and then, if found necessary, "whether the party is indispensable under Rule 19(b)." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020) (citation omitted). The moving party has the burden of showing the absent party is necessary. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

### i.   *Rule 19(a)(1)(A)*

Under Rule 19(a)(1), a party is necessary "because of its relationship to the matter under consideration" and may be necessary under "either 19(a)(1)(A) or (B)." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433–34 (4th Cir. 2014) (quotation marks and citations omitted). A party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "Complete relief refers to relief as between persons already parties, not as between a party and the absent person whose joinder is sought." *United States v. Arlington Cnty.*, 669 F.2d 925, 929 (4th Cir. 1982) (quotation marks and citation omitted); *see Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359 (D.

Md. 1982) (holding that the plaintiffs could obtain complete relief because "no judgment is sought" against the absent party, or against the defendant "for an act or omission" of the absent party). Accordingly, the courts must look only at the claims and the parties presently before it in making a determination regarding complete relief. *See SS Richmond LLC v. Harrison*, No. 3:22-cv-405, 2023 WL 1469997, at \*2 (E.D. Va. Jan. 9, 2023) (holding that the absent party was not necessary to accord complete relief when the claims were brought solely against the named defendants and no judgment is sought against the absent third party); *see also Nationwide Prop. & Cas. Ins. v. Jacobson*, No. 7:14-cv-516, 2015 WL 6958270, at \*2–3 (W.D. Va. Nov. 10, 2015) (finding the absent parties unnecessary when, among other things, the court could accord complete relief between the plaintiffs and defendants without joinder of the non-party).

### ii.      *Rule 19(a)(1)(B)*

Rule 19(a)(1)(B) requires that a "person . . . must be joined as a party *if that person claims an interest relating to the subject of the action* and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B) (emphasis added). Thus, as an initial matter, the absent party must "claim[] an interest relating to the subject of the action." *Id.*

5

### B.     Rule 20

Courts have "wide discretion concerning the permissive joinder of parties" under Fed. R. Civ. P. 20. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). Joinder is not a substantive right but is a "procedural device by which parties with similar substantive claims might jointly enforce them." *Saval v. BL Ltd.*, 710 F.2d 1027, 1030 (4th Cir. 1983). Under Rule 20(a)(1), multiple parties may be joined as plaintiffs in the same action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Likewise, under Rule 20(a)(2), multiple parties may be joined as defendants if any right to relief is asserted against them jointly and a question of law or fact common to all defendants will arise. Fed. R. Civ. P. 20(a)(2).

## III.    ANALYSIS

Mitchell requests that DataOne be joined under Rule 19(a)(1)(A) as a necessary party because the Court cannot accord complete relief among the existing parties without joining DataOne. ECF No. 52 ¶ 13. Mitchell further contends that joinder is proper under Rule 19(a)(1)(B) because "DataOne has an interest relating to the subject of this action" and adjudicating this action without it would impede DataOne's ability to protect itself. *Id.* ¶ 14. Mitchell also asserts that DataOne's absence would leave Mitchell subject to risk of incurring inconsistent obligations. *Id.* Alternatively, Mitchell argues that joinder is appropriate permissively under Rule 20. *Id.* at 21.

6

DataOne opposes joinder under either Rule 19 or Rule 20. With respect to Rule 19, DataOne argues that it is not a necessary party to this action, that it has no interest in the claims, and that complete relief can be afforded to the existing parties in its absence.[1] ECF No. 62 at 9–12. As for Rule 20, DataOne contends that permissive joinder is not warranted because DataOne asserts no right to relief, nor is any relief sought jointly against both DataOne and Mitchell. *Id.* at 13–14.

### A.    Rule 19

#### i.    *Rule 19(a)(1)(A)*

Here, Evox has only brought claims against Mitchell. ECF No. 1. There is no judgment sought by Evox, the sole plaintiff at this point in the case, against DataOne. *Id.* Thus, without joining DataOne, the Court is able accord complete relief between Evox and Mitchell, the only two existing parties in the case. *Arlington*, 669 F.2d at 929. Necessary joinder under Rule 19(a)(1)(A) is therefore inappropriate.

---

[1] Mitchell argues in both its memorandum in support and in its reply brief that Mitchell had understood, until the afternoon of the day the motion for joinder was due, that neither Evox nor DataOne opposed joinder of DataOne under Rule 19. ECF No. 52 ¶¶ 17–20; ECF No. 64 at 5 n.1. In support, Mitchell attaches communications between the parties as evidence that both Evox and DataOne did not oppose the motion to join until the afternoon of December 12, 2025. *See* ECF Nos. 52-1, 52-2, 52-3. However, the communications themselves indicate that both DataOne and Evox expressed reservations about DataOne being joined as a necessary party under Rule 19. *See* ECF No. 52-3 at 3 (counsel for DataOne stating, two days before the motion to join was filed, that "DataOne does not agree that it is a necessary party under [Rule] 19"); *see also* ECF No. 52-1 at 3 (counsel for Evox stating, over a week before the motion was filed, that "[a]s we have said, we think the proper procedure for joining Data One is a [t]hird [p]arty [c]omplaint under [Fed. R. Civ. P.] 14"). Even if Mitchell was under the impression that joinder would not be opposed, the communications before the Court make clear that Mitchell was on notice that both DataOne and Evox disagreed that Rule 19 was the proper procedural method to join DataOne.

Mitchell repeatedly asserts in conclusory fashion that Evox and Mitchell "cannot obtain complete relief with respect to Evox's copyright claims based on alleged breach of the DataOne-Mitchell[] License Agreement." ECF No. 64 at 13. In support, Mitchell contends that the "actions of DataOne's predecessor setting up and configuring Mitchell[]'s access to the licensed data" supports DataOne being joined as a necessary party. *Id.* However, the Fourth Circuit has made it clear that complete relief refers only to entities that are already parties. *Arlington*, 669 F.2d at 929. The Court can interpret the sublicensing agreement, determine whether Mitchell exceeded the scope of such agreement, and conclude whether Mitchell's actions amounted to direct, vicarious, or contributory copyright infringement—all without joining DataOne. Because total resolution of the claims before the Court is possible without DataOne, the Court finds that DataOne is not necessary to accord complete relief.[2]

---

[2] To the extent that Mitchell argues that its counterclaims raised against DataOne are presently before the Court, and that therefore the Court cannot accord complete relief between the parties due to pending counterclaims against DataOne, the Court rejects such an argument. "Courts are clear that a party may not assert a claim exclusively against non-parties and call it a counterclaim." *TELECO, Inc. v. Mutolo*, No. 6:23-cv-03563, 2025 WL 3280842, at *3 (D.S.C. Nov. 25, 2025) (cleaned up) (quoting *Bonumose Biochem LLC v. Zhang*, No. 3:17-cv-33, 2018 WL 3733651, at *9 (W.D. Va. Aug. 6, 2018). Although Fed. R. Civ. P. 13(h) provides "a mechanism for a defendant to make a counterclaim against a plaintiff, and then also join to that counterclaim an absent party . . . a counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action." *Id.* (cleaned up, citations omitted). Therefore, Mitchell's five counterclaims directed solely at DataOne, a non-party to this action, are premature and do not alter the Court's conclusion that it can accord complete relief between Evox and Mitchell in DataOne's absence.

### ii.    *Rule 19(a)(1)(B)*

In an effort to bring DataOne into this case under Rule 19(a)(1)(B), it appears Mitchell either misunderstands or misconstrues the application of Rule 19(a)(1)(B). Although DataOne states in no uncertain terms that it "is not a party to Evox's claims, asserts no affirmative relief of its own, and unequivocally opposes being forced into the role of a co-plaintiff," ECF No. 62 at 1, Mitchell still contends that "DataOne's argument that it does not claim a Rule 19 interest in the subject matter of [the] litigation is incorrect," ECF No. 64 at 11 (cleaned up). In making this assertion, Mitchell suggests that Rule 19(a)(1)(B) requires joinder if the absent party has an interest in the subject of the case, rather than requiring joinder only when the absent party claims an interest. ECF No. 64 at 6–9. However, "the nonjoined party must be the one claiming an interest. It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply." *SS Richmond*, 2023 WL 1469997 at *3 (quotation marks and citation omitted). Further, the rule does not apply "when a defendant attempts to assert an interest on an absent party's behalf." *Id.* (quotation marks and citation omitted).

Here, DataOne has explicitly disclaimed any interest in this case that would require its joinder as a necessary party under Rule 19(a)(1)(B). ECF No. 62 at 10 ("DataOne is not a necessary party because it does not claim a Rule 19 'interest' in the subject matter of the litigation as contemplated by Rule 19."); *see Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship*, 918 F. Supp. 2d 428, 436 (D. Md. 2013) (finding nonparties unnecessary under Fed. R. Civ. P. 19 when the nonparties "were fully

9

aware of the suit and its potential to disrupt their businesses, but they did not seek to intervene").

Because DataOne has not claimed an interest in the litigation, joinder is not appropriate under Rule 19(a)(1)(B). Therefore, the motion will be denied under either subsection of Rule 19(a)(1).[3]

### B.      Rule 20

Alternatively, Mitchell requests that DataOne be permissively joined as a plaintiff under Rule 20(a)(1), because that rule provides the Court with liberal authority to join parties. ECF No. 64 at 21. In Mitchell's initial motion, it requests that DataOne be joined as a plaintiff under Rule 20, *see* ECF No. 52 ¶ 21, but in its reply, Mitchell does not specify whether DataOne should be joined as a plaintiff or

---

[3] Throughout the briefing on this motion, Mitchell repeatedly claims that the Court "was clear" in its previous ruling—declining to exercise jurisdiction while the original case was still pending in California—that "a motion to join DataOne was appropriate." *See, e.g.,* ECF No. 64 at 15. Those claims mischaracterize the Court's conclusion. As an initial matter, the issue of DataOne's joinder was not before the Court in its previous ruling, which instead addressed solely whether to exercise jurisdiction over a declaratory judgment action while a lawsuit was pending in another court. *See Mitchell Repair Info. Co., LLC v. Evox Productions LLC,* No. 2:23-cv-430, ECF No. 58 (E.D. Va.). Further, the Court never stated that a motion for joinder of DataOne as a necessary party would be granted. Rather, the Court held that nothing precluded Mitchell from seeking joinder of DataOne. *See id.* at 8 (Court stating that "even if DataOne were to refuse joinder, the Southern District of California—*upon a finding that DataOne is necessary*—would be required to join DataOne as a party") (emphasis added). And finally, the Court referenced the fact that Mitchell's claims should be brought either as "defenses against Evox," or "as claims against DataOne as a third-party defendant." *Id.* at 4 n.4. Therefore, nothing in the Court's prior ruling suggests that a request to join DataOne as a necessary party would be rubber stamped.

defendant, arguing only that the Court "must allow DataOne to be joined as a fully engaged party to this action," ECF No. 64 at 21.

The Court finds that Mitchell has failed to show that either subsection of Rule 20 applies. First addressing Rule 20(a)(1), Evox and DataOne do not "jointly" assert any right to relief against Mitchell. *See* Fed. R. Civ. P. 20(a)(1). DataOne has explicitly disclaimed any interest in this case. ECF No. 62 at 13 ("DataOne has not asserted, and does not wish to assert, any affirmative claims in this action."). Similarly, Rule 20(a)(2) does not apply because Evox has only made claims against Mitchell. *See* ECF No. 1. Evox has not asserted any right to relief against DataOne at all, much less asserted a claim jointly against DataOne and Mitchell. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative."). For this reason, the Court finds that Rule 20 does not support joinder and declines to exercise its discretion to join DataOne as a permissive party.[4]

---

[4] The Court also notes that—as the parties are aware—Mitchell remains able to raise any claims that it has against DataOne as third-party claims pursuant to Fed. R. Civ. P. 14. Third-party claims under Rule 14 are appropriate when the liability asserted against the third-party defendant is in some way derivative of the main claim. *See Kohl's Dept. Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 413 (E.D. Va. 2003). Mitchell's concern with taking advantage of this procedural mechanism appears to be that, "unlike required joinder of parties under Rule 19, Rule 14 includes a provision to strike, sever, or try separately." ECF No. 64 at 14–15; *see* Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately.") Mitchell is concerned that if it filed its proposed counterclaims against DataOne as third-party claims, "DataOne or Evox will move to strike, sever, or try them separately," which would risk inconsistent obligations. *Id.* at 15. Mitchell's argument puts the cart before the horse. Should Mitchell decide to pursue third-party claims against DataOne under Rule 14, it is possible that neither Evox nor DataOne would move to strike, sever, or try such claims separately. Further, nothing would

## IV.    CONCLUSION

For these reasons, Defendant Mitchell Repair Information Company, LLC's motion to join DataOne, LLC to the action (ECF No. 51) is **DENIED**.

The clerk is **DIRECTED** to **STRIKE** Mitchell's answer, affirmative defenses, and counterclaims (ECF No. 50).

Mitchell is **DIRECTED** to **REFILE**, on or before April 14, 2026, its answer to the complaint, not to include counterclaims against DataOne. Mitchell is permitted to file any claims it seeks to assert against DataOne in the form of a third-party complaint, in a manner consistent with this Opinion and Order.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 31, 2026

---

preclude the Court from granting or denying such a motion, should one be made. Regardless, however, Mitchell's premature concerns are insufficient to justify the Court granting necessary or permissive joinder under Rules 19 and 20, when doing so would be improper.